IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:09-CR-15-FL-1
NO. 2:12-CV-68-FL

| | |
|---|---|
| NICHOLAS ALLEN-WARREN JOHNSON, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. | ORDER |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 38). On October 4, 2012, the government filed a response waiving its statute of limitations defense and noting its decision not to enforce the plea agreement waiver. The government agrees the motion has merit and suggests that the court grant the motion and vacate petitioner's conviction.

On December 1, 2009, petitioner pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). The court sentenced petitioner on March 30, 2010, to a term of 37 months' imprisonment, followed by a three-year term of supervised release. Petitioenr was released on November 8, 2011, to a 3-year term of supervised release. In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. See 18 U.S.C. § 922(g)(1). Where the government waives defenses and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED, and

the judgment of conviction and sentence dated March 30, 2010, is VACATED.  Petitioner is ORDERED to be released from his term of supervised release, unless some cause be shown by the government on or before noon on October 5, 2012, why petitioner is not now entitled to this relief.

SO ORDERED, this the 4th day of October, 2012.

LOUISE W. FLANAGAN
United States District Judge